UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CAUSEY,                                No. 96-71709

       Petitioner,                            District Judge Paul D. Borman

v.                                             Magistrate Judge R. Steven Whalen

DAVID SMITH, WARDEN,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

On July 15, 1997, this Court denied Petitioner Charles Causey's petition for writ of habeas corpus challenging his state court conviction for first-degree murder [Doc. #29]. On January 20, 1998, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. On December 21, 2004, the Sixth Circuit denied Petitioner's motion to file a second or successive petition under 28 U.S.C. § 2254. Before the Court at this time is Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(d) [Doc. #41], filed on June 6, 2014, which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be DENIED under Rule 60(d), and that the motion be transferred to the Sixth Circuit  pursuant to 28 U.S.C. § 2244(b)(3)(A), for consideration of whether a successive petition may be filed in this Court.

**I.   FACTS**

In his Report and Recommendation filed on February 7, 1997, Magistrate Judge Carlson set forth the procedural history of this case, which I will briefly repeat here. On April 21, 1988, Petitioner was convicted at a bench trial in the Recorder's Court for the

City of Detroit, the Honorable Clarice Jobes, presiding, of one count of first-degree murder and one count of felony-firearm, receiving a mandatory, non-parolable life sentence for the murder conviction and a two-year sentence for felony-firearm. The Michigan Court of Appeals affirmed his convictions on direct appeal, and the Michigan Supreme Court denied leave to appeal. The Court of Appeals held that "[t]he verdict was not against the great weight of the evidence...." The Court also held as follows regarding Petitioner's claim that the prosecutor committed fraud:

> "Defendant's claim of fraud by the prosecution is unsupported by the record. A prosecutor is free to argue the evidence and all reasonable inferences arising therefrom."

Petitioner then filed a motion for relief from judgment in the trial court, arguing that there was insufficient evidence to support his murder conviction, and that the admission of statements made by a witness who was no longer alive violated the Confrontation Clause of the Sixth Amendment.[1] The trial judge denied the motion, finding as follows regarding the sufficiency of the evidence:

> "There was sufficient proof of the elements of premeditation. The defendant obtained a weapon and went with the co-defendant, Maurice Taylor, armed with a shotgun to the home of the victim. The victim was a person he knew. Both defendants fired shots. The slug removed from the victim's body came from the handgun carried by defendant Causey."
>
> "Defendant Causey was clearly identified by credible evidence as the shooter of the victim in this case."

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, arguing, *inter alia*, that there was insufficient evidence to support the murder conviction, and that the trial judge made errors in her factual findings. The Court of Appeals denied leave to appeal, as did the Michigan Supreme Court, which stated that

---

[1] In his appeal by right, Petitioner raised the issue of the deceased witness's statement as a hearsay violation only.

Petitioner had failed to meet the burden of establishing entitlement to relief pursuant to MCR 6.508(D).

In his Petition for Writ of Habeas Corpus in this Court, Petitioner raised the following issues:

    I.     There was a lack of proof as to the elements of homicide except as to an unnatural death.

    II.    The trial judge made errors in her factual findings when denying his Motion for Relief from Judgment.

    III.   The purported conversation witness Arlene Porter had with the police was wrongfully admitted in evidence as an "excited utterance" in violation of his right of confrontation.

Magistrate Judge Carlson issued a Report and Recommendation ("R&R"), recommending that the petition be denied, finding that the issues were procedurally defaulted and that Petitioner had not shown the requisite cause for the default.[2] Citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986), he also found that Petitioner had not made a showing of actual innocence:

> "Given the fact that the victim was able to tell the police before he died that the Petitioner and his co-defendant had shot him, and that an eyewitness identified Petitioner as the person coming out of the victim's house after the shooting (See Michigan Court of Appeals summary of facts at Docket #21), there was little likelihood that Petitioner's convictions amounted to a miscarriage of justice, were fundamentally unfair, or constituted a violation of any specific constitutional right."

On July 15, 1997, Judge Borman adopted the R&R and denied the petition. On August 14, 1997, he denied a Certificate of Appealability. On January 15, 1998, the Sixth Circuit also denied a Certificate of Appealability.

---

[2] Judge Carslon stated, "Since the cause and prejudice test is in the conjunctive, there is no necessity to address the prejudice element of the test." R&R, at 6.

## II.    STANDARD OF REVIEW

Petitioner fashions his motion as an "independent action" under Fed.R.Civ.P. 60(d), which states, "This rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding...or to set aside a judgment for fraud upon the court."   In *Barrett v. Secretary of Health & Human Services*, 840 F.2d 1259, 1263 (6th Cir. 1987), the Sixth Circuit described the "indispensable elements" of a Rule 60(d) (formerly Rule 60(b))[3] independent action as follows:

> "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." (Citing 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2868, at 237–38 (1973)).

"Relief pursuant to the independent action is available only in cases 'of unusual and exceptional circumstances.'" *Id*. (quoting *Rader v. Cliburn,* 476 F.2d 182, 184 (6th Cir.1973)). In *Mitchell v. Rees*, 651 F.3d 593, 595 -596 (6th Cir. 2011), the Sixth Circuit held that in the context of habeas corpus proceedings, "in order to establish that relief is required to prevent a grave miscarriage of justice, [a petitioner] must make a strong showing of actual innocence" (citing and quoting *Calderon v. Thompson,* 523 U.S. 538, 557–58, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence")).

## III.    DISCUSSION

Petitioner bases his Rule 60(d) motion on the premise that in his original habeas

---

[3] Before 2007, when Rule 60 was "restyled," the language now contained in Rule 60(d)(1)-(3) was found in Rule 60(b).

proceeding, the Michigan Attorney General perpetrated a fraud on this Court. He states, at p. 5, "This motion is based on a 'fraud on the district courts' by attorneys for the State of Michigan, and but for the 'fraud' there is a reasonable probability that the outcome of habeas corpus proceedings would have been different." His basic argument is as follows: The trial prosecutor committed fraud when, in closing argument, he told the judge that the killing was "a professional hit," which amounted to unsworn testimony.[4] Ms. Porter, the eyewitness to the shooting, gave testimony that was contradicted by another eyewitness. Thus, Petitioner contends, her testimony was fraudulent: "Petitioner's constitutional right was trampled in this case, because the fraudulent statement by Ms. Porter, was the only person who positively identified Causey as the shooter on the porch, was a direct conflict with another eye witness who observed a person on the victim's porch during the shooting incident. The jury had a right to know whether or not the identity provided to the police by Porter was fabricated." *Motion* at 13. Petitioner argues that this fraud that was committed in the Michigan courts was carried over into this Court when the Attorney General filed the "fraudulent" state court record pursuant to Rule 5 of the Rule Governing Section 2254 Cases in the United States District Courts:

> "Petitioner claims a fraud upon this Article-III, US District Court, when the State submitted the Rule (5) materials to the court, and the Court swallowed whole the determination by the Michigan Court of Appeals, even though it failed to address the full panoply of Sixth Amendment claim of confrontation and cross examination, related to the fraudulent statement of Arlene Porter. Further, the State Actor failed to correct the facts of record when the Court made its erroneous ruling on the testimony of the prosecuting attorney when he told the jurors that Petitioner was a professional hit man on numerous occasions.. Therefore, it cannot be said that a fraud was not perpetrated upon the US District Court warranting independent action relief." *Motion* at 8.

---

[4] At p. 3 of his motion, Petitioner states that the prosecutor made this argument to the jury. However, this was a bench trial.

Under 28 U.S.C. § 2244(b)(3)(A), a habeas petitioner must seek leave in the appropriate Circuit Court of Appeals before filing a second or successive petition in the district court. In *Gonzalez v. Crosby,* 545 U.S. 524 (2005), the Supreme Court held that a Rule 60 motion for independent action must be treated as a second or successive petition when it attacks the state court's judgment of conviction or brings a new claim, such as a new ground for relief or an attack on the federal court's previous resolution of the claim on the merits. *Id*. at 532. Notwithstanding Petitioner's claim that he is challenging a fraud on this Court, his motion is in substance a successive petition.

First, Rule 5 requires that the state court record be filed with the federal habeas court, so it is difficult to characterize the State's compliance with that Rule as a fraud on the Court.

Secondly, under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." In this case, the trial judge, who was also the trier of fact, weighed the credibility of witnesses, including Ms. Porter, and made findings of fact that were affirmed by the Court of Appeals. In her opinion denying Petitioner's post-conviction motion for relief from judgment, the judge reiterated that "Defendant Causey was clearly identified by credible evidence as the shooter of the victim in this case." She also noted that Petitioner and his co-defendant armed themselves and went to the victim's home, and that "[t]he slug removed from the victim's body came from the handgun carried by defendant Causey." In effect, Petitioner is asking this Court to reconsider his procedurally defaulted sufficiency of the evidence issue. In *Gonzales v. Crosby*, 545 U.S. at 532, n. 4, the Supreme Court noted that attacks that "in effect, ask[ ] for a second chance to have the merits determined favorably" do not go to the integrity of the proceeding and should instead be characterized as a second or successive habeas

petition.

Third, as a substantive matter, the Michigan Court of Appeals in the Petitioner's direct appeal ruled that the prosecutor's argument in a bench trial was a permissible comment on the evidence and the inferences from the evidence. Therefore, the Court found that "Defendant's claim of fraud by the prosecution is unsupported by the record."

Fourth, even if the trial prosecutor had been responsible for a fraud, that would have been a fraud on the state court, not on this Court. The Sixth Circuit addressed this issue in *Thompkins v. Berghuis,* 509 Fed.App'x. 517, 519-520, 2013 WL 28097, *2 (6th Cir. 2013):

> "Thompkins asserts that Helgert's lies constitute fraud on the federal habeas court. However, Detective Helgert testified only in state court and never interacted with the federal district court. Even assuming Detective Helgert lied on the stand, the fraud would have been perpetrated against the state court, not the federal court. Thompkins argued below that the fraud was perpetuated when Detective Helgert's testimony became part of the federal record and the basis for evaluating his waiver of his *Miranda* rights. R.46; R.48. However, *Thompkins must show by clear and convincing evidence that a fraud was perpetrated on the federal court, not just the state court, in order to be successful. See Carter v. Anderson,* 585 F.3d 1007, 1011 (6th Cir.2010). Because Thompkins has not demonstrated that there was any willful deceit or intentional action on the part of the Michigan prosecutors, or reckless disregard by his own attorneys in allowing Detective Helgert's testimony in state court to become part of the record in federal court, Thompkins cannot establish fraud on the court and is trying to get a second chance to have the merits of his case determined favorably. Therefore, Thompkins' Rule 60(b) motion is nothing more than an attack on the state court's judgment of conviction and should properly be considered a second or successive habeas petition." (Emphasis added).

In *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004), the Court rather pungently stated:

> "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls."

The Petitioner has not shown a fraud on this Court or a grave miscarriage of justice that would justify an independent action under Rule 60(d), nor has he made a substantial showing of actual innocence. However he characterizes his motion, it is in substance a successive petition. As such, relief under Rule 60(d) should be denied, and the motion should be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), for consideration of whether a successive petition may be filed in this Court.

### IV.   CONCLUSION

I therefore recommend that Petitioner's Motion for Relief from Judgment [Doc. #41] be DENIED under Rule 60(d), and that the motion be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), for consideration of whether a successive petition may be filed in this Court.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991);  *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The

response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 26, 2015

### Certificate of Service

I certify that a copy of this order was served upon parties of record on August 26, 2015 via electronic or postal mail.

/s/A. Chubb
CASE MANAGER