UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CAUSEY

                Petitioner,

v.

DAVID SMITH, WARDEN,

                Respondent.

_____/

Case No. 96-71709

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

OPINION AND ORDER (1) DENYING PETITIONER'S OBJECTIONS (ECF NO. 44); (2) ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 43); AND (3) TRANSFERRING THE MOTION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

This Court denied Petitioner Charles Causey's petition for writ of habeas corpus challenging his state court conviction for first-degree murder on July 18, 1997. (ECF No. 29.) Thereafter, on January 20, 1998, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. (ECF No. 38.) On December 21, 2004, the Sixth Circuit denied Petitioner's motion to file a second or successive petition pursuant to 28 U.S.C. § 2254. (ECF No. 40.)

More recently, on June 6, 2014, Petitioner filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(d). (ECF No. 41.) This Court referred that motion to Magistrate Judge R. Steven Whalen. On August 26, 2015, Magistrate Judge Whalen issued a Report and Recommendation in favor of denying Petitioner's Motion for Relief and transferring the Motion to the United States Court of Appeals for the Sixth Circuit as a second or

successive habeas petition.  (ECF No. 43, Report and Recommendation.)  Petitioner filed a

timely Objection to the Report and Recommendation.  (ECF No. 44.)

This Court reviews *de novo* the portions of a report and recommendation to which

objections have been filed.  28 U .S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  Having conducted a

*de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which

valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will deny

Petitioner's objections, adopt in part the Report and Recommendation, and transfer this motion

to the Sixth Circuit.

## I. PROCEDURAL HISTORY

Petitioner summarized the facts underlying his criminal conviction in his statement of the

proceedings to the United States Court of Appeals for the Sixth Circuit on August 18, 1997:

> Charles Causey was charged with involvement in a homicide committed on
> January 25, 1988 in the City of Detroit.  The victim was killed in his home in a
> shoot-out.  He made a dying declaration to the effect that Petitioner and another
> person shot him.  He died of single gunshot wound.  The only other eyewitness
> died in an unrelated incident.  Her statement to police identified petitioner and his
> co-defendant as being on the porch of the victim's home just prior to the shooting
> was allowed in as an "excited utterance."

(ECF No. 36, at 2.)  Petitioner was convicted of first degree murder and possession of a firearm

during the commission of a felony on April 21, 1988 after a jury trial.[1]  Petitioner was sentenced

to life imprisonment for the murder conviction and to a consecutive two year sentence on the

felony firearm conviction.

---

[1] The Court recognizes that both the current Report and Recommendation (ECF No. 43)
and the February 5, 1997 Report and Recommendation (ECF No. 27) erroneously state that
Petitioner was convicted after a bench trial rather than a jury trial.  This clerical error likely
sprang from the Michigan Court of Appeal's November 9, 1990 decision which stated that
Petitioner appealed as of right from his "bench jury trial."  (*See* ECF No. 22.)

Petitioner appealed as a right to the Michigan State Court of Appeals but that appeal was denied on November 9, 1990.  Petitioner argued that he had been deprived of his right to due process and a fair trial under the federal and state constitutions when the trial court admitted into evidence the statements of Arlene Porter as "excited utterances" and admitted into evidence certain statements of the murder victim as dying declarations or as excited utterances.  Petitioner also argued that his right to due process and a fair trial were violated by the misconduct of the prosecutor during his examination of certain witnesses.[2]  Thereafter, Petitioner sought, but was denied, leave to appeal to the Michigan Supreme Court.

Petitioner next filed a motion for relief from judgment in the trial court and argued that there was a lack of proof of any homicide elements, there was insufficient testimony to identify Petitioner as the perpetrator, and (for the first time) that the conversation that Arlene Porter had given in response to the police interrogation was admitted in error as an "excited utterance" in violation of the Confrontation Clause.[3]  The trial court denied Petitioner's motion and found that the excited utterance was properly admitted, there was sufficient proof of the elements of premeditation, and that Petitioner was "clearly identified by credible evidence as the shooter of the victim in this case."  (ECF No. 23, Ex. D.)

---

[2] The Court notes that current Report and Recommendation erroneously attributes the arguments made by Petitioner's co-defendant, Maurice Taylor, to the Michigan Court of Appeals regarding sufficiency of the evidence and fraud to Petitioner.  This clerical error is harmless and does not affect the Magistrate Judge's later analysis or conclusion that Petitioner's Motion for Relief is a successive habeas petition.

[3] Petitioner's appeal as of right did not raise the issue of the Confrontation clause and only claimed that deceased witness's statement should not have been admitted as an excited utterance.

Petitioner filed for leave to appeal to the Michigan Court of Appeals and argued, *inter alia*, that the trial judge made errors in her factual findings and that there was insufficient evidence to support his murder conviction.  The Michigan Court of Appeals denied leave to appeal.  Petitioner next sought leave to appeal to the Michigan Supreme Court, but was denied on the basis that he failed to meet the burden of establishing entitlement to relief pursuant to MCR 6.508(D).

Petitioner then filed his petition for habeas corpus with this Court which asserted three grounds for relief:

1.    There was a lack of proof as to the elements of homicide except as to an unnatural death.

2.    The trial judge made errors in her factual findings when denying his Motion for Relief from Judgment.

3.    The purported conversation witness Arlene Porter had with the police was wrongfully admitted in evidence as an "excited utterance" in violation of his right of confrontation.

On February 2, 1997, Magistrate Judge Carlson issued a Report and Recommendation that recommended Petitioner's petition be denied on the basis that the issues were procedurally defaulted and Petitioner had not shown cause for the default.  Magistrate Judge Carlson also found that Petitioner had failed to make a showing of actual innocence, stating:

> Given the fact that the victim was able to tell the police before he died that the Petitioner and his co-defendant had shot him, and that an eyewitness identified Petitioner as the person coming out of the victim's house after the shooting (See Michigan Court of Appeals summary of facts as Docket #21), there was little likelihood that Petitioner's convictions amounted to a miscarriage of justice, were fundamentally unfair, or constituted a violation of any specific constitutional right.

(ECF No. 27, at 6-7.)  Finally, Magistrate Judge Carlson relied upon *Ohio v. Roberts*, 448 U.S.

4

56 (1980), *abrogated by Crawford v. Washington*, 541 U.S. 36 (2004), and held that "[e]ven if Petitioner could demonstrate cause for default and actual prejudice resulting from the alleged constitutional violation, his claim that his confrontation rights were violated is also clearly erroneous as a matter of law."[4]  (*Id*. at 7.)

This Court adopted the Report and Recommendation on July 15, 1997 and denied Petitioner's petition.  (ECF Nos. 29, 30.)  This Court also denied a certificate of appealability on August 14, 1997.  (ECF No. 34.)  The Sixth Circuit denied a Certificate of Appealability on January 15, 1998.  (ECF No. 38.)  Then, on December 21, 2004, the Sixth Circuit denied Petitioner's motion to file a second or successive petition pursuant to 28 U.S.C. § 2254.  (ECF No. 40.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec*., 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id*. (internal quotation marks and citation omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection"

---

[4] The Supreme Court held in *Whorton v. Blockting*, 549 U.S. 406 (2007) that while the *Crawford* decision announced a "new rule," it did not announce a "watershed rule" of criminal procedure such that the rule could be applied retroactively on collateral review.  *Id*. at 421.

that does nothing more than disagree with a magistrate judge's determination, "without

explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of*

*Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Here, Petitioner moves under Federal Rule of Civil Procedure 60(d) which provides that

"[t]his rule does not limit a court's power to entertain an independent action to relieve a party

from a judgment, order, or proceeding ... or to set aside a judgment for fraud upon the court."

FED. R. CIV. P. 60(d).  The "indisputable elements" of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced;
> (2) a good defense to the alleged cause of action on which the judgment is
> founded; (3) fraud, accident, or mistake which prevented the defendant in the
> judgment from obtaining the benefit of his defense; (4) the absence of fault or
> negligence on the part of the defendant; and (5) the absence of any adequate
> remedy at law.

*Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting *Barrett v. Sec'y of Health & Human*

*Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)).  Such an action is only available to "prevent a

grave miscarriage of justice." *Id.* (citing *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  In

the context of a habeas case a petitioner must "make a strong showing of actual innocence" to

establish that relief is required to prevent a "grave miscarriage of justice." *Id.* at 595-96.

### III. ANALYSIS

In his Report and Recommendation, the Magistrate Judge recommended denying

Petitioner's Motion for Relief from Judgment and determined that the Motion was in substance a

second or successive habeas petition.  Petitioner disagrees with the Magistrate Judge's decision

and sets forth a number of objections to the Magistrate Judge's Report and Recommendation.

The Court will address them in turn.

A.      Objections 1 through 4

Petitioner's first four objections take issue with the Magistrate Judge's recitation of the procedural history or underlying facts of his case.  The Court finds that Petitioner's objections are actually attacks on the sufficiency or propriety of the evidence submitted to the state court in the first instance.  Petitioner also notes a few clerical errors that have no impact on his present claims.  In sum, the Court finds that the Magistrate Judge's recitation of the procedural history, gleaned and quoted from the record in this action, is not relevant to the evaluation of Petitioner's current Rule 60(d) Motion.  Accordingly, the Court declines Petitioner's invitation to reject the Report and Recommendation on those objections.

B.      Objection 5

Petitioner next argues that the Magistrate Judge erred by relying on case law that predated the 2007 amendment to the Federal Rules of Civil Procedure 60 which created subsection (d).  The Court denies this objection.  First, the Advisory Committee Notes to Rule 60 reflect that the 2007 amendment was part of a general "restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. *These changes are intended to be stylistic only*."  FED. R. CIV. P. 60, cmt. 2007 Amendments, para. 1 (emphasis added).  The Magistrate Judge's citations are therefore appropriate and relevant.  Additionally, Petitioner's argument that the Magistrate Judge's recommendation to transfer the case to the Sixth Circuit springs from outdated case law is frivolous.  When a district court determines that a petitioner has filed a second or successive habeas petition without first seeking leave from the appropriate Circuit Court of Appeals, the district court lacks jurisdiction over that motion and must transfer it to the Court of Appeals.  *See* 28 U.S.C. § 1631; *In re Sims*,

7

111 F.3d 45, 47 (6th Cir. 1997); *In re Smith*, 690 F.3d 809, 809 (6th Cir. 2012).

   C.   Objection 6 through 11

   The remainder of Petitioner's objections relate to the underlying argument that the Magistrate Judge erred in construing his Rule 60(d) Motion as a successive petition. To this end, Petitioner argues that the Magistrate Judge erred in failing to liberally construe his Motion, erred in failing to stay the action to allow him to seek exhaustion in state court for claims relating to new evidence rather than transfer the motion to the Sixth Circuit, and erred in re-characterizing his Rule 60(d) Motion as a successive petition.

   Prior to the stylistic changes to Rule 60 in 2007, the Supreme Court addressed the issue of when a pro se petitioner's Rule 60 motion for relief should be construed as successive habeas petition in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The framework set forth in *Gonzalez*, provides that a Rule 60(b) motion will be treated as a second or successive petition if it seeks to add a new ground for relief or if it "attacks the federal court's previous resolution of a claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id*. at 532 (emphasis in original). However, the Supreme Court recognized that this is not the case when a "Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. The Supreme Court noted that "[f]raud on the federal habeas court is one example of such a defect" and cited a case where a witness's "allegedly fraudulent basis for refusing to appear at a federal habeas hearing" related to the integrity of the federal court proceeding rather than the state's criminal trial. *Id*. n. 5 (citing *Rodriguez v. Mitchell*, 252

F.3d 191, 199 (2d Cir. 2001)).

Petitioner did not object to the Magistrate Judge's summary of his argument, which the

Court repeats here:

> His basic argument is as follows: The trial prosecutor committed fraud when, in closing argument, he told the judge that the killing was "a professional hit," which amounted to unsworn testimony. Ms. Porter, the eyewitness to the shooting, gave testimony that was contradicted by another eyewitness. Thus, Petitioner contends, her testimony was fraudulent: "Petitioner's constitutional right was trampled in this case, because the fraudulent statement by Ms. Porter, was the only person who positively identified Causey as the shooter on the porch, was a direct conflict with another eye witness who observed a person on the victim's porch during the shooting incident. The jury had a right to know whether or not the identity provided to he police by Porter was fabricated." Motion at 13.

(ECF No. 43, at 5.) Petitioner asserted that this fraud in the State court was carried over to the

federal habeas proceedings through the Assistant Attorney General's action of filing a

"fraudulent" state court record pursuant to Rule 5 of the Rule Governing Section 2254 Cases in

the United States District Court. (*See* ECF No. 41, at 8.) Petitioner claimed that this Court

"swallowed whole the determination by the Michigan Court of Appeals" and the "State Actor

failed to correct the facts of the record." (*Id*.) Petitioner also asserted for the first time in his

objections that he has new evidence that was withheld during the criminal proceedings in

violation of *Brady*. (*Id*. at 2.)

The Court finds that Petitioner's arguments regarding fraud are arguments that are

directed at the conduct of state actors in the criminal state proceedings – not the federal habeas

proceedings. Therefore, Petitioner has not set forth any claims that implicate the integrity of the

federal proceedings as required under the framework of *Gonzalez*. As Magistrate Judge Whalen

correctly held, a petitioner cannot file a Rule 60 motion to attack the underlying state criminal

action.  *See Thompkins v. Berghuis*, 509 F. App'x 517, 520 (6th Cir. 2013) (rejecting argument that a witness's false testimony in state court constituted a fraud upon the federal court in a habeas proceedings for purposes of Rule 60 motion, and construing the argument as "nothing more than an attack on the state court's judgment of conviction and [finding it] should properly be considered a second or successive habeas petition.").  Here, where Petitioner seeks to attack the state court proceedings such an attempt is correctly construed as a successive habeas petition pursuant to *Gonzalez*.  Petitioner's objections regarding this finding are denied.

Petitioner's claim that Magistrate Judge Whalen did not liberally construe his motion are also without merit.  As noted above, Petitioner is seeking to attack the underlying state court conviction and has not identified any "fraud" made in the federal proceedings beyond the filing of the state court record.  Petitioner recognized that such an attempt is generally construed as a successive habeas petition in his own Rule 60(d) Motion and requested that the Court find his motion fall within the exception to the *Gonzalez* framework, *i.e.* a finding of fraud upon the federal proceedings.  (Pet.'s Mot. at 5.)  The Court finds no fault in the Magistrate Judge's liberal construction of Petitioner's Rule 60(d) Motion.

Additionally, Petitioner's request that this Court stay his action or deny his motion rather than transferring the same to the Sixth Circuit must also be denied.  Under 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek leave from the Circuit Court of Appeals to file a successive habeas petition.  Where a district court has determined that a petition is successive, it must transfer the successive habeas petition to the Court of Appeals for want of jurisdiction under 28 U.S.C. § 1691.  *In re Sims*, 111 F.3d at 47 (holding that when a petition has failed a successive petition in the district court without leave, "the district court *shall* transfer the document" to the

10

Circuit Court pursuant to § 1631.).  Here, the Court has determined that Petitioner's 60(d)

Motion is, in all but name, a successive habeas petition.  Accordingly, this Court lacks

jurisdiction over the action and must transfer the case to the Sixth Circuit.  *See also In re Smith*,

690 F.3d at 809 (finding that after a district court has determined the petition is successive, the

petition must be transferred to the Sixth Circuit.).

       Finally, the Court recognizes that as it has determined that Petitioner's Motion for Relief

from Judgment is a successive habeas petition, this Court is without jurisdiction to substantively

rule upon Petitioner's request for relief under Rule 60(d).[5]  Accordingly, the Court adopts the

Report and Recommendation only to the extent that it finds that Petitioner's Motion for Relief is

a successive petition and recommends transferring the successive petition to the United States

Court of Appeals for the Sixth Circuit.

## IV. CONCLUSION

       For all these reasons, the Court DENIES Petitioner's Objections, ADOPTS IN PART the

Report and Recommendation as described above, and ORDERS the Clerk of the Court to

TRANSFER the Motion for Relief from Judgment to the United States Court of Appeals for the

Sixth Circuit.

       IT IS SO ORDERED.

                            s/Paul D. Borman_____
                            PAUL D. BORMAN
                            UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2016

---

   [5] This determination should not be interpreted to mean that Magistrate Judge Whalen's analysis of this issue is flawed, only that the Court lacks the jurisdiction to reach that issue.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 9, 2016.

<u>s/Deborah Tofil</u>
Case Manager